# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 13–cv–03450–RM–KMT

SANGHO LEE,

    Plaintiff,

v.

AVAGO TECHNOLOGIES U.S., INC. aka AVAGO TECHNOLOGIES, LTD., a Singapore corporation conducting business in Colorado,

    Defendant.

---

# ORDER

---

This matter is before the Court on the following motions:

(1) Plaintiff Sangho Lee's ("Plaintiff" or "Lee") unopposed motion to restrict public access to documents attached to Plaintiff's response to Defendant's motion for summary judgment (ECF No. 63);

(2) Plaintiff's amended unopposed motion to restrict documents attached to Plaintiff's response to Defendant's motion for summary judgment (ECF No. 74); and

(3) Plaintiff's unopposed motion for leave to file a second amended statement of undisputed material facts, second amended unrestricted and restricted documents, and a second amended exhibit list (ECF No. 75).

For the following reasons, the Court GRANTS, in part, and DENIES, in part, Plaintiff's motions.

I.  **BACKGROUND**

On March 23, 2015, Defendant Avago Technologies U.S. Inc. ("Defendant" or "Avago Technologies") filed a motion for summary judgment. (ECF No. 51.) On April 14, 2015, Plaintiff filed a brief in opposition to Defendant's motion for summary judgment. (ECF No. 53.) In conjunction with Plaintiff's brief in opposition, Plaintiff filed both unrestricted and restricted documents that are exhibits to Plaintiff's statement of material facts. (ECF Nos. 55; 56.) On April 16, 2015, Plaintiff filed an amended brief in opposition to Defendant's motion for summary judgment along with supporting unrestricted and restricted exhibits to its statement of material facts. (ECF Nos. 58; 59; 60; 61.)

On April 27, 2015, Plaintiff filed an unopposed motion for leave to restrict certain documents filed in conjunction with Plaintiff's statement of material facts. (ECF No. 63.) Plaintiff had filed, as restricted, certain documents that lacked identification as to which exhibit a certain document pertained. (*See*, *e.g.*, ECF Nos. 56-3; 56-6; 61-3; 61-7.) On June 19, 2015, the Court noted deficiencies in Plaintiff's unopposed motion for leave to restrict and ordered Plaintiff to file an amended motion to restrict "compliant with Local Civil Rule 7.2 that properly identifies the exhibits to be restricted (by ECF docket entry and exhibit number)." (ECF No. 73.)

On June 24, 2015, Plaintiff filed an amended unopposed motion to restrict documents in conjunction with Plaintiff's statement of material facts. (ECF No. 74.) Plaintiff's amended motion (ECF No. 74) refers only to Plaintiff's amended restricted exhibits and exhibit list. (ECF No. 74 at 2 n.1.)[1] Plaintiff acknowledges that certain documents were improvidently filed as restricted. (ECF No. 74 at 3 (identifying ECF No. 61-4, Pl.'s Ex. 7 and ECF No. 61-5, Pl.'s Ex. 10 as not in need of restriction).) In conclusion to Plaintiff's amended motion, however, Plaintiff

---

[1] The Court has undertaken a painstaking review of all documents filed by Plaintiff, to which a motion to restrict has been filed, to ascertain whether restriction is proper. Plaintiff failed to follow the Court's order that he identify both by *ECF docket entry* and exhibit number *all* documents to be restricted. (*See generally* ECF No. 74.)

"requests the Honorable Court restrict the documents designated as Level 1 Restricted Documents on the ECF system." (ECF No. 74.)

On July 2, 2015, Plaintiff filed an unopposed motion to file a second amended statement of undisputed material facts, second amended unrestricted and restricted exhibits, and a second amended exhibit list. (ECF No. 75.) Additionally, Plaintiff filed, as restricted, amended exhibits in conjunction with his second amended statement of material facts. (ECF No. 76.) To date, Plaintiff has not moved for leave to restrict these second amended exhibits[2]. (*See generally* Dkt.)

## II. LEGAL STANDARDS

Pursuant to D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

## III. ANALYSIS

Plaintiff identifies that the following documents need restriction:

(1)   ECF No. 61-2, Pl.'s Ex. 5a[3];

(2)   ECF No. 61-3, Pl.'s Ex. 5b[4];

(3)   ECF No. 61-6, Pl.'s Ex. 11[5];

---

[2] Plaintiff states in his amended motion that he is "filing an amended submission of restricted documents with proper exhibit numbers and is filing an amended submission of unrestricted documents with proper exhibit numbers." (ECF No. 78 at 8.) Plaintiff, however, similarly to his earlier deficient motion, fails to identify (by ECF entry and exhibit number) the documents for which restriction is sought because at the time of her filing of the amended motion to restrict, he had yet to file such amended exhibits. *See* D.C. Colo. L. Civ. R. 7.2(c)(1).

[3] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-2, Pl.'s Ex. 5.

[4] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-3.

3

(4)   ECF No. 61-7, Pl.'s Ex. 13[6];

(5)   ECF No. 61-8, Pl.'s Ex. 14[7];

(6)   ECF No. 61-9, Pl.'s Ex. 15[8];

(7)   ECF No. 61-11, Pl.'s Ex. 16;

(8)   ECF No. 61-10, Pl.'s Ex. 17;

(9)   ECF No. 61-1, Pl.'s Ex. 4;

(10)  ECF No. 61-12, Pl.'s Ex. 19[9]; and

(11)  ECF No. 61-13, Pl.'s Ex. 20[10].

Plaintiff identifies that the interests to be protected are that the documents contain proprietary information related to Defendant's supervisor selection process and that public dissemination of the information contained within the documents would provide an unfair advantage to future applicants. (ECF No. 74 at 2-4.) Further, Plaintiff identifies that some of the documents contain information related to other individuals/employees who are not a party to this action and if the information were disseminated to the public, those employees' privacy interests would be implicated. (ECF No. 74 at 5.) Plaintiff identifies that Defendant's supervisor selection process would be hampered and that non-party privacy interests would be compromised by public dissemination contained within the documents. (ECF No. 74 at 2-8.) Plaintiff expresses that no alternative to restriction is appropriate because of the "issues raised by the

---

[5] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-5, Pl.'s Ex. 11.
[6] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-6.
[7] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-7, Pl.'s Ex. 14.
[8] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-8, Pl.'s Ex. 15.
[9] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-9, Pl.'s Ex. 19.
[10] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-10, Pl.'s Ex. 20.

parties in their summary judgment submissions." (ECF No. 74 at 8.) Plaintiff seeks Level 1 restriction for all the documents previously identified. (ECF No. 74 at 2.)

In accordance with Local Civil Rule 7.2(c), the Court finds that for those documents for which Plaintiff seeks restriction, identified above and in the footnotes, restriction to Level 1 access is proper.

## IV. CONCLUSION[11]

Based on the foregoing, the Court:

(1) GRANTS, in part, and DENIES, in part, Plaintiff's motions to restrict (ECF No. 63 and 74), to wit, the Court RESTRICTS to LEVEL 1 ACCESS the following documents:

      (i)      ECF No. 61-2, Pl.'s Ex. 5a[12];

      (ii)     ECF No. 61-3, Pl.'s Ex. 5b[13];

      (iii)    ECF No. 61-6, Pl.'s Ex. 11[14];

      (iv)    ECF No. 61-7, Pl.'s Ex. 13[15];

      (v)     ECF No. 61-8, Pl.'s Ex. 14[16];

      (vi)    ECF No. 61-9, Pl.'s Ex. 15[17];

      (vii)   ECF No. 61-11, Pl.'s Ex. 16;

---

[11] The Court recognizes that Plaintiff's counsel is a solo practitioner. Plaintiff's counsel's status as a solo practitioner, however, does not excuse her from understanding and complying with the Local Civil Rules, electronic case filing procedures, and the Court's orders. The Court cautions Plaintiff's counsel that failure to follow all applicable rules, procedures, and orders may, in the future, subject her to sanctions.

[12] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-2, Pl.'s Ex. 5.

[13] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-3.

[14] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-5, Pl.'s Ex. 11.

[15] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-6.

[16] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-7, Pl.'s Ex. 14.

[17] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-8, Pl.'s Ex. 15.

      (viii)    ECF No. 61-10, Pl.'s Ex. 17;

      (ix)    ECF No. 61-1, Pl.'s Ex. 4;

      (x)    ECF No. 61-12, Pl.'s Ex. 19[18]; and

      (xi)    ECF No. 61-13, Pl.'s Ex. 20[19];

(2)    UNRESTRICTS the following documents:

      (i)    ECF No. 61-4, Pl.'s Ex. 7[20]; and

      (ii)    ECF No. 61-5, Pl.'s Ex. 10;

(3)    GRANTS Plaintiff's motion to file a second amended statement of undisputed material facts, second amended unrestricted and restricted documents, and a second amended exhibit list (ECF No. 75);

(4)    ACCEPTS as filed

      (i)    Plaintiff's second amended statement of facts without strike-outs (ECF No. 75-2);

      (ii)    Plaintiff's exhibit list of restricted and unrestricted documents (ECF No. 76-1); and

      (iii)    Plaintiff's restricted and unrestricted documents (*see* ECF Nos. 75; 76);

and

---

[18] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-9, Pl.'s Ex. 19.

[19] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-10, Pl.'s Ex. 20.

[20] Based upon the description provided by Plaintiff, the Court interprets this document as corresponding to ECF No. 56-4, Pl.'s Ex. 7.

(5)     ORDERS Plaintiff to file a motion, in compliance with Local Civil Rule 7.2, should Plaintiff desire to maintain restriction with respect to the second amended restricted documents (ECF No. 76).

DATED this 8th day of July, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge